IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YACUB AVICENNA McCLENDON,

    Plaintiff,                           No. 2: 12-cv-0550 KJN P

    vs.

WARDEN VIRGA, et al.,

    Defendants.                     ORDER

_____/

        On August 27, 2012, defendants filed a motion to dismiss for plaintiff's failure to exhaust administrative remedies. Plaintiff failed to oppose defendants' motion. Plaintiff is ordered to show cause for his failure to oppose defendants' motion.

        The undersigned herein provides plaintiff with the notice regarding his obligation in responding to motions to dismiss for failure to exhaust administrative remedies.

<u>Wyatt</u> Notice[1]

    The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

---

[1] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

1

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you may submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed. If all of your claims are unexhausted, your entire case will be over. If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order, plaintiff shall show cause for his failure to file an opposition to defendants' motion to dismiss; within that time, plaintiff shall file his opposition; failure to file an opposition will be deemed a waiver of opposition.

DATED: October 15, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mc550.wya