IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YACUB AVICENNA McCLENDON,

      Plaintiff,                    No. 2: 12-cv-0550 KJN P

      vs.

WARDEN VIRGA, et al.,          ORDER AND

      Defendants.             FINDINGS AND RECOMMENDATIONS

                              /

I. Introduction

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' August 27, 2012 motion to dismiss for failure to exhaust administrative remedies. (Dkt. No. 17.) Plaintiff did not initially oppose defendants' motion. Accordingly, on October 16, 2012, the undersigned issuing an order giving plaintiff notice regarding his obligation in responding to defendants' motion pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). (Dkt. No. 18.) In this order, the undersigned also granted plaintiff fourteen days to file his opposition and show cause for his failure to file an opposition. (Id.)

        On October 29, 2012, plaintiff filed an opposition. (Dkt. No. 19.) On November 5, 2012, defendants filed a reply. (Dkt. No. 20.)

1

1    For the following reasons, the undersigned recommends that defendants' motion
2 be granted.

3 II. Legal Standard

4    The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e
5 to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.
6 § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
7 facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
8 Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S.
9 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of
10 confinement, whether they involve general circumstances or particular episodes, and whether
11 they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

12    Exhaustion of all "available" remedies is mandatory; those remedies need not
13 meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v.
14 Churner, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in
15 grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532
16 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative
17 process that could provide some sort of relief on the complaint stated, but no money." Id. at 734.
18 The fact that the administrative procedure cannot result in the particular form of relief requested
19 by the prisoner does not excuse exhaustion because some sort of relief or responsive action may
20 result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes
21 of exhaustion requirement include allowing prison to take responsive action, filtering out
22 frivolous cases, and creating administrative records).

23    However, a prisoner need not exhaust further levels of review once he has either
24 received all the remedies that are "available" at an intermediate level of review, or has been
25 reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422
26 F.3d 926, 934-35 (9th Cir. 2005). Because there can be no absence of exhaustion unless some

1  relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent
2  relief remained available, whether at unexhausted levels or through awaiting the results of the
3  relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

4  As noted above, the PLRA requires proper exhaustion of administrative remedies.
5  Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an
6  agency's deadlines and other critical procedural rules because no adjudicative system can
7  function effectively without imposing some orderly structure on the course of its proceedings."
8  Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to
9  properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an
10 untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

11 The State of California provides its prisoners the right to appeal administratively
12 "any departmental decision, action, condition or policy which they can demonstrate as having an
13 adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2010). It also provides
14 them the right to file appeals alleging misconduct by correctional officers and officials. Id. at
15 § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner
16 must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal
17 on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and
18 (4) third level appeal to the Director of the California Department of Corrections and
19 Rehabilitation. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code
20 Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the
21 exhaustion requirement under § 1997e(a). Id. at 1237-38.

22 Non-exhaustion under § 1997e(a) is an affirmative defense which should be
23 brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil
24 Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Moreover, the court
25 may look beyond the pleadings to determine whether a plaintiff exhausted his administrative
26 remedies. Id. at 1119-20.

Although exhaustion is mandatory, an inmate must only exhaust administrative remedies "as are available." 42 U.S.C. § 1997e(a). Under the Ninth Circuit law, exhaustion is excused when improper screening of grievances occurs. Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)). Sapp establishes that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under [§ 1997e(a)]." Id. at 823. If prison officials screen out an inmate's grievances or appeals for improper reasons, the inmate cannot pursue the necessary administrative process, and, consequently, his administrative remedies become "unavailable." Id.

III. Plaintiff's Allegations

This action is proceeding on the complaint filed May 25, 2012, as to defendants Warden Virga, Doctor Hamkar and Correctional Lieutenant Baker. (Dkt. No. 8.) Plaintiff alleges that he is diabetic. (Id. at 3.) Plaintiff alleges that on November 30, 2011, he arrived at California State Prison-Sacramento ("CSP-Sac"). (Id.)

Plaintiff alleges that from November 30, 2011, to March 16, 2012, defendant Hamkar provided inadequate medical care for plaintiff's diabetes. Plaintiff alleges that defendant Hamkar changed his medications, including his insulin dose. (Id.) Plaintiff alleges that defendant Hamkar refused to renew plaintiff's previous prescriptions for pain medication to treat pain caused by diabetic neuropathy. (Id. at 4.)

Plaintiff alleges that he filed a writ of mandate against defendant Virga regarding the allegedly inadequate medical care provided by defendant Hamkar. (Id. at 4.) The writ of mandate plaintiff refers to is the document plaintiff filed in this court on March 1, 2012, that opened this action, i.e., Dkt. No. 1. Plaintiff alleges that defendant Baker placed him in administrative segregation ("ad seg") in retaliation for filing the writ of mandate. (Id.) While in ad seg, plaintiff missed insulin shots and meals. (Id.)

////

4

IV. <u>Defendants' Motion</u>

Defendants argue that plaintiff failed to exhaust administrative remedies. Defendants contend that plaintiff did not exhaust any health care appeals or "regular" appeals regarding the allegations on which this action is proceeding.

In particular, defendants argue that plaintiff filed two administrative appeals between November 30, 2011, and May 25, 2012, but neither were exhausted at the third level of review prior to the filing this action. In support of this argument, defendants submitted the declaration of L.D. Zamora, the Chief of the Office of Third Level Appeals for California Correctional Health Care Services. (Dkt. No. 17-3.) According to Chief Zamora, plaintiff did not submit any health care appeals that arose from incidents occurring at CSP-Sac that were either accepted at the third level or were screened out at the third level between November 30, 2011, and May 25, 2012. (<u>Id.</u> at 2.)

Defendants also submitted the declaration of J.D. Lozano, the Chief of the Office of Appeals, formerly known as the Inmate Appeals branch, for the California Department of Corrections and Rehabilitation. (Dkt. No. 17-4.) According to Chief Lozano, the records for the Office of Appeals disclose that between November 30, 2011, and May 25, 2012, plaintiff did not submit any appeals that arose from incidents occurring at CSP-Sac that the Office of Appeals accepted at the third level of review. (<u>Id.</u> at 1.)

In his declaration, Chief Lozano also states that under prison regulations governing inmate appeals, when the Office of Appeals receives an inmate appeal for Third Level decision that does not comport with procedural requirements, the Office of Appeals will screen and return the appeal to the submitting inmate without rendering a decision on it. (<u>Id.</u> at 2.) The appeal is returned with a letter instructing the inmate how to cure the deficiency, if a cure is possible. (<u>Id.</u>) According to Chief Lozano, the records of the Office of Appeals disclose that between November 30, 2011, and May 25, 2012, plaintiff did not submit any appeals that were screened out at the third level of review. (<u>Id.</u>)

5

Defendants also submitted the declaration of A. Briones, an Appeals Coordinator for the Health Care Appeals Office at CSP-Sac. (Dkt. No. 17-5.) According to A. Briones, plaintiff submitted one health care appeal that was accepted between November 30, 2011, and May 25, 2012. (Id. at 2.) A copy of this appeal, SAC HC-12025519, is attached to the declaration of A. Briones. In the first level of this appeal, signed by plaintiff on January 5, 2012, plaintiff complained that defendant Hamkar denied him treatment for diabetes. (Id. at 6.) On February 8, 2012, this appeal was denied at the first level of review. (Id. at 10-11.)

On May 22, 2012, plaintiff filed a second level appeal. (Id. at 7.) On May 24, 2012, a notice was issued stating that the appeal was cancelled because it was not timely. (Id. at 8.) However, on July 11, 2012, a response addressing the merits of plaintiff's appeal was issued. (Id. at 4-5.) This response denied the appeal on the merits. (Id. at 5.) The response acknowledges that plaintiff did not submit a timely second level appeal:

> In your request at the Second Level, you state that you were escorted to the crisis bed unit and Ad/Seg staff did not have access to your property. Your complaint was also lost in the mail system and did not receive your mail prior to the due date of your complaint. You request that your complaint be processed through the final level of appeal and to continue your due process and not be violated any further.

(Id. at 4.)

It appears that plaintiff either resubmitted his grievance with an explanation for its untimeliness or prison officials sua sponte overruled the previous rejection of the appeal as untimely.

Defendants also provided the declaration of K. Daly, an Appeal Coordinator for the Institutional Appeals Office at CSP-Sac. (Dkt. No. 17-6.) According to K. Daly, plaintiff submitted one "regular" administrative appeal that was accepted between November 30, 2011, and May 25, 2012, i.e. appeal no. SAC-C-12-0129. (Id. at 2.) In this appeal, signed by plaintiff on January 5, 2012, plaintiff complained that he had not received adequate care for his diabetes. (Id. at 4.) On March 6, 2012, this appeal was granted in part at the first level of review. (Id.) On

May 22, 2012, plaintiff submitted this appeal for second level review. (Id. at 5.) On July 6, 2012, this appeal was granted in part. (Id.)

V. Plaintiff's Opposition

In his opposition to defendants' motion, plaintiff argues that he could not exhaust administrative remedies because he had no access to the grievance system while housed in the psychiatric services unit beginning on March 16, 2012. (Dkt. No. 19 at 1.) Plaintiff alleges that on March 19, 2012, he was housed in the Correctional Treatment Center for three weeks without access to his personal property, mail, legal mail, etc. (Id.) Plaintiff alleges that when he was released back into the general population on May 4, 2012, he did not have access to his property for two weeks. (Id.) Plaintiff also alleges that his mental disabilities accounted for his noncompliance with the grievance procedures. (Id.) Plaintiff also alleges that he satisfied the grievance process by filing a "final level" appeal, of which he has possession. (Id. at 2.)

VI. Analysis

At the outset, the undersigned clarifies the dates by which plaintiff was required to exhaust administrative remedies. On March 1, 2012, plaintiff opened this action by filing a petition for writ of mandate in which he alleged that defendant Hamkar did not adequately treat his diabetes. (Dkt. No. 1.) On March 19, 2012, the undersigned dismissed the petition for writ of mandate with leave to file a complaint. (Dkt. No. 3.) On May 25, 2012, plaintiff filed the operative complaint. (Dkt. No. 8.)

The gravamen of plaintiff's claims against defendant Hamkar occurred prior to his filing of the petition for writ of mandate. For this reason, plaintiff was required to exhaust administrative remedies prior to when he filed the petition for writ of mandate on March 1, 2012. The grounds of plaintiff's claims against defendants Baker and Virga occurred after he filed the petition for writ of mandate. Accordingly, plaintiff was required to exhaust his claims against defendants Baker and Virga before he filed the operative complaint on May 25, 2012. Akhtar v. Mesa, 2012 WL 5383038 at * 6 (9th Cir. Nov. 5, 2012) (if plaintiff files an amended complaint

adding new claims based on conduct occurring after the filing of the initial complaint, the plaintiff need only show that the new claims were exhausted before tendering the amended complaint to the clerk for filing).

It is undisputed that plaintiff did not administratively exhaust any of his claims prior to filing either the petition for writ of mandate or the operative complaint. Plaintiff suggests that administrative remedies became unavailable to him because he was denied access to his legal property from March 16, 2012, to approximately May 18, 2012. Plaintiff also alleges that he could not exhaust administrative remedies because he was mentally incapacitated from March 16, 2012, to May 4, 2012. Plaintiff also alleges that administrative remedies were not available to him while he was housed in the psychiatric services unit from March 16, 2012, to March 19, 2012.

As discussed above, both of plaintiff's grievance alleging inadequate medical treatment for his diabetes were addressed on the merits at the second level of review, despite not being filed within the time limits set forth in the regulations. See Cal. Code Regs. tit. 15, § 3084.8(b) (grievances must be filed within thirty days after receiving unsatisfactory response to appeal filed). California regulations provide exceptions for the review of untimely appeals. For example, under exceptional circumstances, any appeal may be accepted if the appeals coordinator concludes that the appeal should be subject to further review. Cal. Code Regs. tit. 15, § 3084.6(a)(4). "Such a conclusion shall be reached on the basis of compelling evidence or receipt of new information such as documentation from health care staff that the inmate or parolee was medically or mentally incapacitated and unable to file." (Id.)

The responses to plaintiff's second level appeals and the regulations providing for exceptions for the review of untimely administrative grievances demonstrate that plaintiff's administrative remedies were still available to him at the time he filed the writ of mandate and operative amended complaint in this action, despite his alleged denial of access to legal property, mental incapacitation and denial of access to the grievance process for three days. Because

plaintiff did not exhaust the available administrative remedies prior to filing the writ of mandate and operative complaint, defendants' motion to dismiss should be granted.

In the reply to plaintiff's opposition, defendants observe that neither of plaintiff's grievances concern his retaliation claims against defendants Virga and Baker.  Even if plaintiff filed a grievance regarding the alleged retaliation after May 25, 2012, he did not exhaust his administrative remedies regarding this claim prior to filing the operative complaint.  Defendants' motion to dismiss plaintiff's retaliation claim should be granted on this ground.

For the reasons discussed above, the undersigned finds that plaintiff failed to exhaust his administrative remedies prior to filing the petition for writ of mandate, which opened this action, and the operative complaint.  Accordingly, defendants' motion to dismiss should be granted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Dkt. No. 17) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mc550.mtd